**CITY NAT. BANK et al. v. MORGAN.**
(No. 2326.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 31, 1924.)

Chattel mortgages ⬉188(2)—Mortgages upon automobiles daily exposed for sale in regular course of mortgagor's business held void as against mortgagor's landlord; "goods, wares, and merchandise."

Chattel mortgages on automobiles daily exposed for sale in parcels in the regular course of mortgagor's business held void under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3970, 5655, as against mortgagor's landlord's claim for rent as being "goods, wares, and merchandise" within article 3970.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Goods.]

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by Mrs. Lillis Morgan against the City National Bank and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Bullington, Boone, Humphrey & Hoffman and Cox, Fulton & Myers, all of Wichita Falls, for appellants.

Jos. H. Aynesworth and Davenport, Cummings & Thornton, all of Wichita Falls, for appellee.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HALL, C. J. This is a contest between Mrs. Morgan, claiming a landlord's lien upon certain automobiles, and the City National Bank and the Wichita State Bank & Trust Company, as the holders of chattel mortgages upon the automobiles in question. Peeler & Hardeman were the tenants of Mrs. Morgan, dealing in secondhand automobiles, and were indebted to her in the sum of about $5,000 rent for the building in which they conducted their business. It appears that Peeler & Hardeman had bought secondhand automobiles from time to time; that the banks had advanced them money for the purchase price and freight on the automobiles, and had taken chattel mortgages upon the property to secure the sums advanced. It is claimed that the mortgages were taken before the automobiles were moved into the building, and for that reason the banks' liens are superior to the landlord's lien. It may be admitted that this contention is sound if the chattel mortgages are valid.

The trial judge found that the automobiles were daily exposed for sale in parcels in the regular course of business, and that they constituted "goods, wares and merchandise," within the meaning of V. S. C. S. art. 3970, and were under the provisions of said article fraudulent and void. The evidence sustains the court's finding. There is nothing in either of the mortgages to indicate that the banks had any claim of title or right of possession to any of the property other than that usually given to mortgagees out of possession.

This case was submitted at the previous term of this court, and decision withheld pending the determination of the principal contention by the Supreme Court in the case of First National Bank of Stephenville v. Thompson from the Fourth district. The contentions urged here have been decided in that case adversely to appellant, and reported in 265 S. W. 884. It is there definitely held that automobiles which are kept for sale by the mortgagor are goods, wares, and merchandise within the meaning of the statute, and the effect of the decision is to condemn the banks' mortgages in this case as void under V. S. C. S. arts. 5655 and 3970.

It appears from the record that the court gave Mrs. Morgan a personal judgment against the banks for the value of certain automobiles which the banks had converted. Under her pleading she was not entitled to a judgment against the banks for conversion, and she confesses error in this court in that particular.

For that error, the judgment is reversed, and the cause remanded.